IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Antwan Dominique Grayson, #329430, <br><br> Petitioner, <br><br> vs. <br><br> Warden of Broad River, <br><br> Respondent. | C/A No.: 1:17-cv-1879-JFA-KDW <br><br><br> **ORDER** |

This matter comes before the Court on Petitioner's two *pro se* motions. On December 26, 2018, Petitioner filed a Motion to Set Aside Judgment. (ECF No. 34). On April 29, 2019, Petitioner filed a Motion to Reopen Case. (ECF No. 38).

## I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 60(b), on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

**(1)** mistake, inadvertence, surprise, or excusable neglect;
**(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
**(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
**(4)** the judgment is void;
**(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
**(6)** any other reason that justifies relief.

## II. DISCUSSION

By way of background, Petitioner, proceeding *pro se*, brought an action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On September 13, 2017, Respondent filed a motion

1

for summary judgment. (ECF No. 9). Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to Respondent's motion. (ECF No. 11). Petitioner was advised of the importance of a motion and of the need from him to file an adequate response to the motion for summary judgment by October 16, 2017. *Id.* The Magistrate Judge subsequently extended Petitioner's deadline to respond on October 12, 2017, November 17, 2017, and December 20, 2017, granting him until January 16, 2018 to respond. (ECF Nos. 14, 17, & 20).

Despite these three extensions, Petitioner failed to respond. Thus, on January 23, 2018, the Court ordered Petitioner to advise the Court whether he wished to continue with this case and to file a response to the motion for summary judgment by February 6, 2018. (ECF No. 22). Again, Petitioner failed to respond.

As a result, the Magistrate Judge issued its Report and Recommendation ("Report") on February 12, 2018 recommending that the action be dismissed with prejudice for failure to prosecute. (ECF No. 24). Petitioner was given until February 26, 2018 to file objections to the Report. *Id.* However, Petitioner failed to file objections to the Report. Thereafter, on March 5, 2018, this Court issued an Order adopting the Report and dismissing the action with prejudice for lack of prosecution and failure to comply with the Court's orders. (ECF No. 27).

After this Court entered judgment dismissing the case with prejudice on March 5, 2018 (ECF No. 28), over nine months later, Petitioner filed a response in opposition to the motion for summary judgment and notice of change of address on December 19, 2018.[1] (ECF No. 30).

---

[1] The Response to the Motion for Summary Judgment was received by the Broad River Correctional Institutional mail room on December 17, 2018 and this Court received it two days later on December 19, 2018. (ECF No. 30-2 p. 1).

Interestingly, Petitioner's response in opposition to the motion for summary judgment is dated "January 15, 2018" by him at the end of the document. *Id.*

On December 19, 2018, the same day this Court received Petitioner's late response, this Court also received Petitioner's late objections to the Report.[2] Although these objections were not received by this Court until December 19, 2018, Petitioner's late objections are dated "March 5, 2018" by him at the end of the document.

On December 26, 2018, Petitioner then filed a Motion to Set Aside Judgment. (ECF No. 34). This motion is dated "July 10, 2018" by him at the end of the document. In this motion, Petitioner argues that he was not granted access to the law library because he was placed on lockdown status on April 16, 2018. Next, Petitioner argues that his response to the motion for summary judgment was in fact dated January 15, 2018 and that his response to the Report was in fact dated March 5, 2018 but that the SCDC withheld his outgoing mail. Petitioner next claims that the SCDC was delaying the delivery of his incoming mail, so Petitioner was not able to respond in a timely fashion. (ECF No. 34). Respondent opposed this motion arguing that Petitioner has still not demonstrated any delay by the SCDC. (ECF No. 37).

On April 29, 2019, Petitioner filed a "Reply to Response to State Motion," which this Court construed as a Motion to Reopen Case. (ECF No. 38). Petitioner again asks this Court to allow him an opportunity to file his "Response in opposition to Respondent's Motion for Summary Judgment." *Id.* Petitioner again asserts that he was not granted access to the law library because he was placed on lock up under investigation for the deadly riot at Lee Correctional Institution on April 17, 2018. *Id.*

---

[2] The objections were received by the Broad River Correctional Institutional mail room on December 17, 2018 and this Court received them two days later on December 19, 2018. (ECF No. 31-1 p. 1).

### a. Petitioner has not shown that the SCDC withheld his outgoing mail.

In his late objections, Petitioner alleges that he "dated and placed in the Institutional Mailbox the Petitioner's Response in Opposition to the Respondent's Motion for Summary Judgment on January 15, 2018, leaving approximately one (1) calendar day remaining for the Response to be filed." (ECF No. 31). Petitioner asserts that he believes the SCDC is withholding his outgoing mail. *Id.* Petitioner has also submitted attachments he claims support his allegation that the SCDC is withholding his mail. In response, Respondent argues that Petitioner has not shown his mail was withheld. (ECF No. 32).

As an initial matter, this Court finds Petitioner's claim that he "dated and placed in the Institutional Mailbox the Petitioner's Response in Opposition to the Respondent's Motion for Summary Judgment on January 15, 2018, leaving approximately one (1) calendar day remaining for the Response to be filed" is without merit. After reviewing Petitioner's "Response in Opposition to Respondent's Motion for Summary Judgment" and the attachments thereto, it is clear that Petitioner did not place this document in the institutional mailbox on January 15, 2018 as he claims. Petitioner has attached several "supporting" documents to his response which are **clearly dated after January 15, 2018**.

For example, attachment 1 includes a notice of electronic filing showing a document that was entered on the docket January 23, 2018, which is eight days after Petitioner allegedly placed his "timely response" in the mailroom. (ECF No. 30-1 p. 4). Attachment 2 shows a stamp that the Lee Correctional Institution Mailroom received mail for Petitioner on February 14, 2018, which is about one month after Petitioner allegedly placed his "timely response" in the mailroom. (ECF No. 30-1 p. 2). Attachment 3 contains a stamp showing the Broad River Mailroom received mail for

Petitioner on February 23, 2018, which is over a month after Petitioner allegedly placed his "timely response" in the mailroom. (ECF No. 30-1 p. 3).

If Petitioner had actually placed his response in the mailroom on January 15, 2018, it would be impossible to attach documents that are dated after January 15, 2018. Thus, although Petitioner claims he placed his response (ECF No. 30) in the mailroom on January 15, 2018 and somehow this Court did not receive it until December 19, 2018, the attachments to Petitioner's response dated *after* January 15, 2018 show that Petitioner's claim cannot be true.

Additionally, Petitioner has not shown that the SCDC withheld mailing his objections for over nine months. Although Petitioner's late objections are dated "March 5, 2018," it is clear that Petitioner did not place his objections in the mailroom on this date. The stamped envelope reveals that the Broad River Correctional Institution Mailroom received the objections on December 17, 2018, and this Court received them two days later on December 19, 2018. (ECF No. 31-1). If Petitioner had in fact mailed this document March 5, 2018 as the date on the document claims, the document would have been placed in the Lee Correctional Institution mailroom and *not* in the Broad River Correctional Institution mailroom.

Petitioner was located at Lee Correctional Institution from August 31, 2017 until July 9, 2018.[3] Therefore, if Petitioner had actually mailed his objections on March 5, 2018 and the SCDC withheld his outgoing mail as he claims, then the mail would have gone through the Lee Correctional Institution Mailroom where Petitioner was located. Petitioner was not moved to Broad River Correctional Institution on July 9, 2018, over four months after he allegedly mailed his objections. Thus, Petitioner's claim is without merit.

---

[3] http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000329430

**b. Petitioner has not shown that the SCDC was delaying his incoming mail.**

In his late objections, Petitioner next claims that the SCDC was also delaying his incoming mail. Petitioner sets forth he did not receive the Magistrate Judge's order directing him to file a response by February 6, 2018 until "February 15, 2018, well after the required time for filing the requested documentation. . . ." *Id.* Next, Petitioner claims that he did not receive a copy of the Report until February 28, 2018, which was two days after his objections to the Report were due. *Id.*

In support of his argument, Petitioner attaches an image of the envelope (ECF No. 31 p. 5) showing that the Broad River Correctional Institution Mailroom received a copy of the Report on February 23, 2018 but that Lee Correctional Institution did not receive this mail until February 27, 2018, which was one day after Petitioner's objections were due.

Petitioner initiated his petition for habeas corpus while incarcerated at Broad River Correctional Institution. (ECF No. 6). A review of the movement details from the SCDC shows Petitioner was then transferred to Lee Correctional Institution on August 31, 2017.[4] As Respondent correctly argues (ECF No. 32), it is Petitioner's obligation to notify the Court of his change of address. However, Petitioner failed to notify the Court of his change of address, so his documents were mailed to Petitioner at Broad River Correctional Institution. Although there does appear to be an eleven-day delay between the issuance of the Report (February 12, 2018) and the receipt of the Report in the Broad River Correctional Institution Mailroom (February 23, 2018) (ECF No. 31 p. 5), Petitioner still would have received the Report three days prior to when his objections were due if he had notified this Court of his address change. Despite this eleven-day delay in Broad River receiving the Report, Petitioner did not mail any response until almost ten months later on

---

[4] http://public.doc.state.sc.us/scdc-public/inmateDetails.do?id=%2000329430

December 17, 2018. (ECF No. 30). An eleven-day delay in mail does not excuse Petitioner's ten-month delay in filing a Response to the Motion for Summary Judgment.

Petitioner also admits that he received this Court's order by February 15, 2018 directing him that he needed to respond to the Respondent's Motion for Summary Judgment. (ECF No. 30). Therefore, in light most favorable to Petitioner, Petitioner was on notice by February 15, 2018 at the latest that he needed to respond to the motion for summary judgment. Thus, Petitioner's argument fails because he was still on notice that he needed to respond, and additionally, even with the elven-day delay in mail, Petitioner still waited ten months to respond.

### c. Petitioner's claim that he was unable to respond because he was on lockdown without access to the law library is without merit.

Interestingly, Petitioner next takes the stance that if he had never been placed on lockup "for something he had nothing to do with, then Petitioner would have had adequate time to reply and would have made the deadline." (ECF No. 38) This argument is contrary to Petitioner's prior argument that he did adequately respond in a timely manner, but the SCDC withheld his mail and did not send it to the Court in a timely manner. Petitioner concludes that this Court should reopen his case since Petitioner now has access to the law library to conduct research. *Id.* In response, Respondent argues that none of Petitioner's arguments meet the requirements under FRCP Rule 60(b), which allows a party to seek relief from a final civil judgment in a limited number of circumstances. (ECF No. 39).

Here, Petitioner's argument that he was placed on lockdown after April 15, 2018 with no access to the law library is irrelevant because Petitioner's objections were due by February 26, 2018, which was over a month and a half *prior* to when Petitioner claims he was placed on lockdown. Petitioner himself alleges that he placed his response to the motion for summary judgment in the mail room on January 15, 2018 (ECF No. 31); therefore, the fact he was placed

7

on lockdown three months after he allegedly mailed his timely response has no bearing in this case.

Additionally, Petitioner claims that he did not receive the Magistrate Judge's order directing him to file a response by February 6, 2018 until "February 15, 2018, well after the required time for filing the requested documentation. . . ." (ECF No. 31). Again, Petitioner admits he received the order directing him to respond by February 15, 2018 at the latest, and thus, it is irrelevant that Petitioner was placed on lockdown with no access to the law library two months after. Petitioner also includes an attachment showing that he received the Report by February 27, 2018, which was over a month and a half before he claims he was put on lockdown. (ECF No. 30-1 p. 3). Lastly, Petitioner alleges he placed his objections in the mailroom on March 5, 2018, which was over a month before the alleged lockdown. In sum, Petitioner's claim is without merit because any lockdown occurring around mid-April 2018 was well after the time Petitioner had to respond.

### III. CONCLUSION

In light of the foregoing, Petitioner has not met the standard under FRCP Rule 60(b) and thus his Motion to Set Aside Judgment (ECF No. 34) and Motion to Reopen Case (ECF No. 38) are **denied**.

IT IS SO ORDERED.

July 2, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge